UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARY JANE WEBER,
aka Mary Niles-Weber,

      Plaintiff,

v.                                      CASE NO. 3:11-cv-1150-J-34JBT

ABSOLUTE COLLECTION SERVICE,
INCORPORATED,

      Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Amended Motion for Default Judgment ("Amended Motion") (Doc. 10).[2] Plaintiff seeks entry of a default judgment against Defendant in the amount of $6,450.00, which includes $1,000.00 in statutory damages under the Fair Debt Collection Practices Act ("FDCPA"), $1,000.00 in statutory damages under the Florida Consumer Collection Practices Act ("FCCPA"), $4,050.00 in attorney's fees, and $400.00 in costs for the filing fee ($350.00), process server fee ($40.00), and administrative and paper costs ($10.00). (*Id.* at 6,

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

[2] The Amended Motion was served on August 2, 2012. (Doc. 10 at 2.) To date, Defendant has not filed a response to the Amended Motion. Therefore, the Court will treat the Amended Motion as unopposed.

19-20.) For the reasons stated herein, the Court will recommend that the Motion be **GRANTED** to the extent that Plaintiff recovers statutory damages under the FDCPA in the amount of $250.00, attorney's fees in the amount of $2,000.00, and costs in the amount of $400.00, and **DENIED** in all other respects.[3]

## I. FDCPA

### A. Liability

This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d). (*See* Doc. 1, ¶ 5.) Further, the Complaint adequately states a claim for violation of the FDCPA by alleging that Plaintiff was the object of collection activity arising from a consumer debt (*id.* at 11, 18 and ¶¶ 8, 11-13), that Defendant is a debt collector as defined by the FDCPA (*id.* at 18 and ¶¶ 3-4), and that Defendant has engaged in an act or omission prohibited by the FDCPA, specifically §§ 1692e(2)(A) & 1692e(5) (*id.* at ¶¶ 15-16). *See, e.g.*, *McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 1268, 1273 (M.D. Fla. 2008). Due to the entry of a default, Defendant is deemed to have admitted all well-pled allegations of fact. Therefore, Plaintiff is entitled to a default judgment and the Court will now turn to the issue of damages.

### B. Damages

Although Plaintiff's Complaint requests actual damages, Plaintiff's Amended Motion seeks only statutory damages in the maximum statutory amount of

---

[3] The Court's Order of July 24, 2012 sets forth the procedural history of the case and the standard for entering a default judgment. (*See* Doc. 9.) Therefore, those sections will not be included herein.

$1,000.00. The Court finds that an evidentiary hearing on the issue of damages is not necessary because the record is sufficient to calculate the amount of damages. The maximum amount of statutory damages per action, not per violation, under the FDCPA, is $1,000.00. *See* 15 U.S.C. § 1692k(a)(2)(A); *Harper v. Better Bus. Servs., Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992).

Based on the allegations in the Complaint, which are deemed admitted, the undersigned determines that an award of statutory damages is appropriate. However, Plaintiff has not shown that the nature of Defendant's violations warrants the maximum award. As stated in the Court's Order of July 24, 2012, in determining the amount of damages, the Court must consider "among other relevant factors . . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."[4] (Doc. 9 at 4 (citing 15 U.S.C. § 1692k(b)(1)).) Plaintiff concedes that the first and third of these factors "may not weigh in favor of a maximum award," but asserts that "an award of $1,000 is justified given the nature of the violation" because, *inter alia*, "[t]he debt collector failed to even include a caveat that should the debt have been discharged to disregard this notice." (Doc. 10 at 7.) The Court rejects this argument because Plaintiff has not shown that Defendant was even

---

[4] The same Order provided: "If Plaintiff opts to amend the Complaint, Plaintiff should consider whether to supplement the allegations regarding whether the facts of this case support an award of the maximum amount of statutory damages, in light of the factors stated above." (Doc. 9 at 9 n.4.) Plaintiff opted not to amend the Complaint.

3

aware of Plaintiff's bankruptcy petition. The petition was filed on September 19, 2011, and the letter is dated October 4, 2011. (Doc. 1 at 2-3, 18.) Moreover, Defendant's letter advised Plaintiff that she could dispute the validity of the debt within 30 days of receipt of the letter. (*Id.* at 18.) Therefore, the nature of Defendant's violations based on a single letter appears relatively *de minimis*, and does not justify an award of statutory damages exceeding $250.00. Accordingly, the undersigned recommends that Plaintiff be awarded statutory damages under the FDCPA in the amount of $250.00.

### C. Attorney's Fees and Costs[5]

Plaintiff seeks attorney's fees in the amount of $4,050.00 for 18 hours of work at an hourly rate of $225.00. (Doc. 10 at 6.) In support, Plaintiff attaches the Affidavit of her attorney Taylor J. King, and the attorney's billing records. (Doc. 10 at 19-23.) Although Plaintiff has the burden of proving the reasonableness of the requested fee, Plaintiff has failed to do so.

First, Plaintiff has not cited a decision from this District in which Plaintiff's counsel was awarded an hourly rate of $225.00 for similar work. Although Plaintiff cites to *Arlozynski v. Rubin & Debski, P.A.*, 2011 U.S. Dist. LEXIS 145109 (M.D. Fla. Nov. 21, 2011), to show that her attorney's "hourly rate is below average for similar cases for Plaintiff's counsel in the Middle District of Florida," Plaintiff's attorney was

---

[5] The standard for awarding attorney's fees and costs under the FDCPA was set out in the Court's July 24, 2012 Order (Doc. 9), and, therefore, it will not be repeated here.

not involved in that case and the court's award of $350 per hour was for work performed by other attorneys who had at least thirteen years of experience, *see id.* at *10-11. Based on the representations made in the Amended Motion, it appears that Plaintiff's attorney has less than three years of experience. (Doc. 10 at 10.) Moreover, this is an action of a routine nature, and "[i]n the absence of any specific information regarding the expertise, reputation, and ability of the . . . attorney[] who litigated this action" as well as "any other information relevant to the determination of a reasonable rate, the Court will determine an average rate . . . based on the routine nature of this litigation and the Court's knowledge of the fees customarily charged in this market." *Selby v. Christian Nicholas & Assocs., Inc.*, 2010 WL 745748, *5 (M.D. Fla. Feb. 26, 2010).

The Court finds the hourly rate requested by Plaintiff's attorney to be slightly excessive in this market. "[A] reasonable hourly rate for a routine matter of this nature in the Middle District of Florida" for attorneys is $200.00. *Id.* at *6. Accordingly, the Court finds that a reasonable hourly rate for Plaintiff's attorney is $200.00.

Next, the Court needs to determine the reasonable number of hours expended on the case. Reasonable hours are those that would be reasonable to bill to a client and that are not "excessive, redundant or otherwise unnecessary." *See Norman*, 836 F.2d at 1301. The billing records attached to the Motion indicate that Plaintiff's attorney expended 18 hours on the case. (Doc. 10 at 22-23.)

5

Upon the Court's independent review, the hours billed by Plaintiff's attorney appear to have been reasonably expended. Plaintiff's attorney's billing records specify the legal services provided and the time spent on each task. Moreover, Defendant has not asserted any objections to the time entries. Multiplying Plaintiff's attorney's hours (18 hours) by the hourly rate of $200.00 produces a fee of $3,600.00. Therefore, the lodestar in this case is $3,600.00.

However, the undersigned recommends a downward adjustment of the lodestar amount to $2,000.00 in light of the results obtained, namely, the limited amount of statutory damages ($250.00) recommended on Plaintiff's FDCPA claim in relation to Plaintiff's request for maximum statutory damages ($1,000.00), Plaintiff's lack of proven actual damages on both of her claims, and Plaintiff's lack of success on her FCCPA claim, as shown below. *See Hensley v. Eckerhart*, 461 U.S. 424, 440 ("A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole."); *Thornton v. Wolpoff & Abramson, L.L.P.*, 312 Fed. App'x 161, 164 (11th Cir. Jan. 23, 2008) (per curiam) (finding the district court did not abuse its discretion in reducing the lodestar amount by 85% in light of the nominal amount of the statutory damages awarded); *Kim v. Gregory J. Barro, PLC*, 2009 WL 1616271, *2 (N.D. Ga. June 9, 2009) ("If the Court finds that the party seeking attorney's fees achieved only a slight degree of success as compared with what was sought, a downward adjustment may be appropriate."). Given the relatively minimal damages recommended for violations

that have not been shown to be frequent, persistent, or intentional, the undersigned recommends that Plaintiff be awarded attorney's fees in the amount of $2,000.00.

Plaintiff also seeks $400.00 in costs for the filing fee ($350.00), process server fee ($40.00), and administrative and paper costs ($10.00). (Doc. 10 at 6.) Because these costs are recoverable under 15 U.S.C. § 1692k(a)(3), and Defendant has not challenged Plaintiff's request for these costs, the undersigned recommends that all costs, totaling $400.00, be allowed. *See Kim, PLC*, 2009 WL 1616271, *4 ("Where cost-shifting is expressly authorized by statute, the traditional limitations of Rule 54(d) and U.S.C. §§ 1920 and 1923(a) do not apply.") (citing *Dowdell v. Apopka*, 698 F.2d 1181, 1188-89 (11th Cir. 1983)).

## II.     FCCPA

In Count II of her Complaint, Plaintiff alleges that Defendant violated the FCCPA. (Doc. 1.) In its Order of July 24, 2012, the Court cautioned Plaintiff that unless she amends her Complaint, "the Court will likely recommend the denial of default judgment as to Count II" because Plaintiff has not sufficiently alleged that Defendant had knowledge of her pending bankruptcy action, or that she was represented by an attorney. (Doc. 9 at 6-9.) To date, Plaintiff has not amended her Complaint. Accordingly, the undersigned recommends that the Amended Motion be denied as to Count II of the Complaint.

## III.    Conclusion

Based on the foregoing, the undersigned recommends that Plaintiff be

awarded the following: statutory damages under the FDCPA in the amount of $250.00, attorney's fees in the amount of $2,000.00, and costs in the amount of $400.00.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Amended Motion(**Doc. 10**) be **GRANTED in part** and **DENIED in part**.

    a. The Amended Motion be **GRANTED** to the extent that Plaintiff be awarded damages in the amount of $2,650.00, consisting of $250.00 in statutory damages, $2,000.00 in attorney's fees, and $400.00 in costs.

    b. The Amended Motion be otherwise **DENIED**.

2. The Clerk of Court be **DIRECTED** to enter judgment in favor of Plaintiff Mary Jane Weber and against Defendant Absolute Collection Service, Incorporated for the sum of Two Thousand Six Hundred Fifty Dollars and No Cents ($2,650.00), terminate any pending motions, and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on August 27, 2012.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record